This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                  **NO.  31,507**

**ROBERTA HESS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF HIDALGO COUNTY**
**Daniel Viramontes, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline Cooper, Chief Public Defender
J.K. Theodosia Johnson, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**FRY, Judge.**

Defendant appeals her convictions for fraud and conspiracy to commit fraud.

We proposed to affirm in a calendar notice, and we have received a memorandum in

opposition to our notice. We have duly considered Defendant's arguments, but we find them unpersuasive. We affirm.

Defendant continues to claim that there was insufficient evidence to support her convictions because she claimed that she did not participate in the transactions. However, as Defendant concedes, there was testimony from witnesses that Defendant was involved in negotiations, and there was evidence that Defendant "participated in the transactions, and was aware of the intentions of her husband." [Amended DS 5; MIO 2] Although Defendant suggests that we cannot ignore testimony from Defendant that is favorable to her position, the fact finder was free to reject testimony from Defendant, including testimony that could support a finding that Defendant was innocent of the charges. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 (stating that contrary evidence from a defendant that supports acquittal cannot be the basis for reversal because the fact finder can reject the defendant's version of the incident).

One of the State's witnesses prepared a report that was not timely provided to Defendant. As a consequence, the district court did not allow the witness to testify and provided a curative instruction to the jury. Defendant continues to claim that she was prejudiced by the non-disclosure of the report and that she was entitled to a new trial. Defendant claims that the measures taken by the district court did not cure the

prejudice to her because the "jurors had already been exposed to the information" contained in the report. [MIO 8] As noted in our calendar notice, Defendant did not properly preserve her claim regarding prejudice from the non-disclosure of the report. *See State v. Varela*, 1999-NMSC-045, ¶ 25, 128 N.M. 454, 993 P.2d 1280 (requiring a specific objection and the invocation of an intelligent ruling from the district court for preservation of an argument raised on appeal). Furthermore, as discussed in our calendar notice, Defendant gives no specific explanation for her claim of prejudice and she fails to demonstrate how the actions taken by the district court amounted to an abuse of that court's discretion. We hold that the district court took appropriate measures to cure any prejudice to Defendant by the non-disclosure of the report.

For the reasons discussed in this opinion and in our calendar notice, we affirm Defendant's convictions.

**IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Judge**

**WE CONCUR:**

_____
**CELIA FOY CASTILLO, Chief Judge**

_____

**J. MILES HANISEE, Judge**